**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BARRY WILLMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET GROUP, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Barry Willman ("Plaintiff"), individually and behalf of all others similarly situated, brings this class action against defendant Whole Foods Market Group, Inc. ("Defendant" or "Whole Foods"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

<u>NATURE OF THE ACTION</u>

**I.     BACKGROUND**

**A.     Whole Foods Market**

1.     Whole Foods is a widely popular grocery store chain known for its organic and healthy products. There are over 500 Whole Foods locations across the United States.

2.     Whole Foods sells a variety of food products, such as produce, meat, dairy, pantry items, baked goods, and prepared foods. At issue, here, are a product sold in the prepared food counter, which includes "ready-to-eat," "ready-to-heat," and "ready-to-cook" food prepared by Defendant.[1]

_____

[1] https://www.wholefoodsmarket.com/departments/prepared-foods

**B.      New York Sales Tax**

3.      New York mandates a Sales and Use Tax upon the sale of certain items and services.[2]  Food products, however, are primarily exempt from sales tax.  In order to be exempt, the food must be: (i) sold for human consumption; (ii) sold unheated; and, (iii) sold in the same form and condition, quantities, and packaging as is commonly used by retail food stores.[3]  The New York Department of Taxation and Finance has clarified that certain types of food are specifically exempt from sales tax, such as "canned goods," "bakery products," and "packaged salads sold by the pound."[4]

4.      The New York Department of Taxation and Finance has also clarified what food items do not fall under the sales tax exemption, meaning that the items are taxable.  These taxable items include: (i) food that is sold heated; (ii) food that is sold for consumption on the premises; or, (iii) food that has been prepared by the seller and is ready to be eaten, whether for on premises or off premises consumption.[5]

5.      However, "[f]ood that is cooked by the store and then packaged and refrigerated, but not otherwise arranged on a plate or platter, is *not taxable* if sold for off-premises consumption."[6]  "For example, a chicken roasted by a food store that is then cooled, packaged and sold from a refrigerated case is not taxable.  However, any food that is sold in a heated state is taxable."[7]  Furthermore, "[f]ood sold in an unheated state is not subject to tax when commonly

---

[2] N.Y. Tax Law § 1105(a).

[3] N.Y. STATE DEP'T OF TAX'N AND FIN., TAX BULLETIN ST-525 (Aug. 8, 2019).

[4] N.Y. STATE DEP'T OF TAX'N AND FIN., TAX BULLETIN ST-283, at 1 (Apr. 13, 2011).

[5] *Id.* at 1-2.

[6] *Id.* at 2 (emphasis added).

[7] *Id*.

sold in food stores in bulk by weight … or by volume (gallon, quart, etc.) for off-premises consumption."[8]

6.      The NYCRR elaborates on some of these terms.  Specifically, the NYCRR defines "for consumption off the premises" as "food, including sandwiches, or drink [that] is intended to be consumed at a place away from the vendor's premises."[9]  However, even if a store selling prepared food provides tables and chairs to customers, food prepared for off-premises consumption remains untaxable.[10]

7.      The NYCRR also states "[i]f the vendor attempts to maintain the food at a temperature which is warmer than the surrounding air temperature by using heating lamps, warming trays, ovens or similar units, or cooks to order, the vendor is selling food in a heated state."[11]  However, "[i]f the vendor sells prepared foods from units maintained at or below surrounding air temperature, such sales are sales of prepared food in an unheated state."[12]  The former is taxable while the latter is not.

## II.      EXPERIENCE OF PLAINTIFF WILLMAN

8.      On October 28, 2021, Plaintiff Willman purchased "Green Beans with Capers and Olives" ("Green Bean Product") from the Whole Foods located at 808 Columbus Avenue, New York, NY 10025.  Plaintiff purchased the Green Bean Product for $17.80, and Defendant placed an 8.875% sales tax[13] on the Green Bean Product.  The Green Bean Product is sold from a cold case, was packaged by the pound, and was sold at the deli counter at Defendant's store.

---

[8] N.Y. Comp. Code R. & Regs. tit. 20 § 527.8(e)(2)(iii).

[9] N.Y. Comp. Code R. & Regs. tit. 20 § 527.8(e).

[10] *See* Advisory Opinion, No. TSB-A-20(50)S, 2020 WL 9351334 (Oct. 27, 2020).

[11] N.Y. Comp. Code R. & Regs. tit. § 527.8(e)(1)(i).

[12] N.Y. Comp. Code R. & Regs. tit. § 527.8(e)(1)(ii).

[13] The New York State Sales and Use Tax is 4%, the City Sales Tax rate is 4.5%, and the Metropolitan Commuter Transportation District surcharge of 0.375%, which totals an 8.875%

9.      The Green Bean Product was prepared, packaged, and refrigerated by Defendant, was not otherwise arranged on a plate or platter or in an arranged form such as a sandwich or ready-to-eat meal, was sold for off-premises consumption, and was not otherwise sold in a heated state.  Thus, the Green Bean Product was not taxable.

10.     The following week, Plaintiff spoke to the Store Team Leader, Tyrone Young, to report the issue of wrongfully charged sales tax.  Defendant continued to wrongfully charge Plaintiff for sales tax on non-taxable food items, despite Plaintiff's efforts.

11.     The Green Bean Product also satisfied other criteria of non-taxable food items.  In addition to being unheated, the product is sold for human consumption, and the product is sold in the same form as is commonly used at retail food stores (*e.g.*, the product is sold in a plastic container with a plastic cover; the amount of product purchased for each particular sale is weighed after being placed in the plastic container by Defendant's retail food store employees at the deli counter; a custom printed label is then affixed to each such container that is sold with that label indicating the name of the product, the price per pound, the weight of this particular purchase, and the resulting price).

12.     The product here is analogous to the non-taxable "potato salad" example in the NYCRR.  Specifically, the NYCRR gives the example of "[a] food store sell[ing] potato salad by the pound," which is "not taxable."[14]  Like the potato salad example, the product at issue here is

---

Sales and Use Tax in New York City.  However, this prepared food product is not taxable under state or city tax law.  *See* N.Y. STATE DEP'T OF TAX'N AND FIN., TAX BULLETIN ST-283 (Apr. 13, 2011); OFF. OF THE N.Y. STATE COMPTROLLER, UNDERSTANDING LOCAL GOVERNMENT SALES TAX IN NEW YORK STATE: 2020 UPDATE (Oct. 2020).

[14] N.Y. Comp. Code R. & Regs. tit. 20 § 527.8(e)(1) (Example 1); *see also* N.Y. STATE DEP'T OF TAX'N AND FIN., TAX BULLETIN ST-283, at 3 (listing "macaroni salad" as "exempt" from sales tax if "packaged and sold by weight").

sold cold, by the pound, is not sold in a plated or ready-to-eat format, and is sold for off-premises consumption.

13.     Whole Foods knows or should know that it is improperly charging sales tax in New York.

14.     Indeed, this is not Whole Foods' first violation of New York tax law.  On the contrary, New York City's Department of Consumer Affairs has charged Whole Foods with numerous violations of New York tax law in the past.[15]

## PARTIES

15.     Plaintiff Barry Willman resides in New York City, New York and has an intent to remain there, and is therefore a citizen of New York.  On October 28, 2021, Plaintiff purchased the Green Bean Product from the Whole Foods store located at 808 Columbus Avenue, New York, NY 10025.  Defendant placed an 8.875% New York sales tax on the non-taxable food product.

16.     Defendant Whole Foods Market Group, Inc. is incorporated under the laws of the State of Delaware with its principal place of business located at 550 Bowie St., Austin, Texas 78703.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(a) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00 exclusive of interest and costs, there are over

---

[15] *Department of Consumer Affairs v. Whole Foods Market Group, Inc.*, Record No. 8299-2014-ADJC (City of New York, Department of Consumer Affairs Sept. 29, 2014), https://a860-openrecords.nyc.gov/response/25131, at 195, 221, 240 (charging Whole Foods stores with improperly assessing sales tax, including at the 808 Columbus Avenue location).

100 members of the putative class, and at least one class member is a citizen of a state different than Defendant.

18.     This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within New York, such that Defendant has significant, continuous, and pervasive contacts with the State of New York.  Indeed, Defendant maintains and operates more than one dozen Whole Foods stores in New York City alone, including the location at 808 Columbus Avenue.

19.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant transacts significant business within this District and because Plaintiff Willman purchased the food product in this District.

## CLASS ALLEGATIONS

20.     This action is brought by Plaintiff Willman individually and on behalf of the following Class pursuant to Federal Rules of Civil Procedures 23(b)(3):

> All persons who paid sales tax on food that was prepared, packaged, and refrigerated by Whole Foods, was not otherwise arranged on a plate or platter, and was sold for off-premises consumption in the state of New York.

21.     Excluded from the Class are Whole Foods; any of its officers, directors, or employees; and its legal representatives, successors, and assigns.

22.     Plaintiff reserves the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based on, inter alia, changing circumstances and new facts obtained.

23.     **Numerosity.**  The members of the proposed Class are geographically dispersed throughout the State of New York and are so numerous that individual joinder is impracticable.

Upon information and belief, Plaintiff reasonably estimates that there are thousands of individuals that are members of the proposed Class. Although the precise number of proposed members is unknown to Plaintiff, the true number of members of the Class are known by Defendant. Members of the Class may be notified of the pendency of this action by mail and/or publication through distribution records of Defendant and third-party retailers and vendors.

24.     Existence and predominance of common questions of law and fact. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions include, but are not limited to, the following:

(a)     whether Whole Foods improperly assessed a sales tax on the prepared food product purchased by Plaintiff and members of the Class;

(b)     whether the assessment of a sales tax on the prepared food product violates the laws of the State of New York;

(c)     whether Whole Foods remitted the collected tax overcharges to the appropriate state taxing authorities;

(d)     whether Whole Foods acted knowingly and/or willfully;

(e)     whether Defendant is liable to Plaintiff and the Class for unjust enrichment; and,

(f)     whether Plaintiff and members of the Class are entitled to damages, restitution, equitable relief, statutory damages, exemplary damages, and/or other relief.

25.     **Typicality.** The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff, like all members of the Class, purchased a food product that should have been exempt from sales tax, but was nonetheless improperly charges a sales tax by Whole Foods. The representative Plaintiff, like all members of the Class, has been damaged by Defendant's misconduct in the very same way as the members of the Class. Further,

the factual bases of Defendant's misconduct are common to all members of the Class and represent a common thread of misconduct resulting in injury to all members of the Class.

26.    **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class.  Plaintiff has no interests that are antagonistic to those of the Class.

27.    **Superiority.**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by members of the Class are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for members of the Class, on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if members of the Class could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

28.    In the alternative, the Class may be certified because:

(a)    the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant;

(b)    the prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other

members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or,

(c)     Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## CAUSES OF ACTION

### COUNT I
**Unjust Enrichment**

29.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

30.     Plaintiff brings this claim individually and on behalf of members of the Class against Defendant.

31.     This claim is brought pursuant to the laws of the State of New York.

32.     As alleged above, Defendant charged and collected sales tax on a nontaxable food product.

33.     Defendant has been unjustly enriched in that it received and retained the benefit of funds to which it was not entitled and received in violation of New York law.

34.     Said funds were conferred on Defendant by Plaintiff and the Class members under a mistake of fact due to Defendant's misrepresentations, and unlawfully obtained to the detriment of Plaintiff and the Class members.

35.     Defendant's retention of these funds is unjust because Defendant misrepresented the amount of tax due for the provision of its food product, and collected more tax than allowed under New York law.

36.     Allowing Defendant to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

37.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class for their unjust enrichment, as ordered by the Court.

<u>COUNT II</u>
**Violation of New York General Business Law § 349**

38.     Plaintiff incorporates by reference and re-allege each and every allegation set forth above as though fully set forth herein.

39.     Plaintiff brings this claim individually and on behalf of members of the Class against Defendant.

40.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by falsely representing that its assessment of sales tax complied with the laws of New York.  Specifically, Defendant listed the sales tax on the receipt of the items in question while omitting that the tax was improperly charged.

41.     The foregoing deceptive acts and practices were directed at consumers.

42.     The foregoing deceptive acts and practices are misleading in a material way because under New York law, no sales tax should be assessed on the type of food goods that Plaintiff and Class Members purchased.  Nonetheless, Defendant improperly assessed sales tax on Plaintiff's and the Class's purchases.

43.     Defendant's representations were material to Plaintiff, and to members of the Class, because they were overcharged 8.875% or more on their purchases.

44.     Defendant alone possessed the knowledge at the time of the sale that the purchases made by Plaintiff, and by members of the Class, should have been tax exempt.

45.     Plaintiff and members of the Class were injured as a result of Defendant's deceptive conduct because he overpaid for the food goods on account of Defendant's improper assessment of a sales tax.

46.     On behalf of himself and other members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests, individually and on behalf of the alleged Class, that the Court enter judgment in their favor and against Defendant as follows:

(a)     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as the representative for the Class, and naming Plaintiff's attorneys as Class Counsel;

(b)     For an order declaring the Defendant's conduct violates the causes of action referenced herein;

(c)     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d)     For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims asserted in this complaint so triable.

Dated: June 13, 2023                    Respectfully submitted,

                                        **BURSOR & FISHER, P.A.**

                                        By:   */s/ Max S. Roberts*
                                                Max S. Roberts

                                        Max S. Roberts
                                        Matthew A. Girardi
                                        Julian C. Diamond
                                        1330 Avenue of the Americas, 32nd Floor
                                        New York, NY 10019
                                        Telephone: (646) 837-7150
                                        Facsimile:  (212) 989-9163
                                        Email: mroberts@bursor.com
                                                mgirardi@bursor.com
                                                jdiamond@bursor.com

                                        **BURSOR & FISHER, P.A.**
                                        L. Timothy Fisher*
                                        1990 North California Blvd., Suite 940
                                        Walnut Creek, CA 94596
                                        Telephone:  (925) 300-4455
                                        Facsimile:  (925) 407-2700
                                        Email:  ltfisher@bursor.com

                                        *Attorneys for Plaintiff*

                                        **Pro Hac Vice Application Forthcoming*